## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Natalie Chang, Jeana Graham, Jane Doe, Gian Libot, Mary Roe, and Rebecca Chol Nygundeng, on behalf of herself and her three minor children, M., E., and G., <br><br> *Plaintiffs*, <br><br> v. <br><br> The Republic of South Sudan, South Sudan Ministry of Defence and Veteran Affairs, <br><br> *Defendants*. | Civil No. 1 :21-cv-01821 |

## PLAINTIFFS' *EX PARTE* MOTION FOR WAIVER OF LOCAL CIVIL RULES 5.1(c)(1) AND 11.1 AND FOR LEAVE TO PROCEED ANONYMOUSLY AND MEMORANDUM IN SUPPORT THEREOF

Plaintiffs, by and through their counsel, hereby move the Court *ex parte* for an order waiving the requirement of Local Civil Rules 5.1(c)(1) and 11.1 that the "full residence address of the party" be included in the caption of the initial pleading and seek approval to substitute with counsel's business address instead. Plaintiffs further move the Court to permit the filing of their residence address with the Court *ex parte* and under seal. Lastly, Plaintiffs Jane Doe and Mary Roe also move this Court to permit proceeding under pseudonyms. Plaintiffs have

a well-founded fear of stigmatization and harassment for the allegations of human rights abuses, including sexual assault allegations, raised in this case.

In support of this Motion, Plaintiffs state as follows:

1.      This action is brought under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(1). Plaintiffs allege that armed forces of the Republic of South Sudan ("South Sudan") deliberately employed soldiers from the Sudan People's Liberation Army ("SPLA") to attack them as U.S. and international aid workers. Soldiers from the SPLA gang-raped, tortured, pillaged, and shot at Plaintiffs in a coordinated assault as they sought refuge in their apartments located on a humanitarian aid compound in Juba, South Sudan, called the Terrain Hotel. These attackers specifically targeted international aid workers working for the American NGO Internews under a contract with the U.S. government, seeking to terrorize representatives of U.S. aid and foreign policy. Plaintiffs are survivors of this brutal attack. Given the serious nature of the allegations, Plaintiffs fear that disclosure of their residence address will subject them to reprisal and harassment from South Sudan.

2.      This Court has discretion to waive the requirement of Local Civil Rules 5.1(c)(1) and 11.1 and to permit the filing under seal of a party's address where the circumstances so require. *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011). In considering whether to waive the requirement, this Court applies the five-factor balancing test also used to determine whether to allow a plaintiff to proceed anonymously using a pseudonym. *See*

*Yaman*, 786 F. Supp. 2d at 152-53; *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). The factors are "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party[.]" *Cabrera*, 307 F.R.D. at 5.

3.     Here, all factors weigh in favor of preserving the confidentiality of Plaintiffs' residence address. First, and most critically, Plaintiffs fear that disclosing their residence address may subject them to retaliation from the government of South Sudan or its supporters. Courts frequently permit plaintiffs to proceed anonymously and withhold personal information from defendants and the general public where there is a reasonable threat of physical or emotional harm. *See, e.g., Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (noting that "protecting [plaintiff] and innocent family members from retaliation" warranted permitting plaintiff to proceed with action anonymously); *Yaman*, 786 F. Supp. 2d at 153 (permitting mother to file residence address and other identifying information about her minor children under seal and *ex parte* because disclosure of the information had "the potential to place them at grave risk of physical and

emotional harm at the hands of their father"); *Colvin v. Syrian Arab Republic*, No. 16-cv-1423, ECF No. 5 (D.D.C. Jul. 11, 2016) (order waiving requirement of residence address in a terrorism action) (attached as Exhibit A); *Onsongo v. Republic of Sudan*, No. 1:08-cv-01380, ECF No. 2 (D.D.C. Aug. 7, 2008) (same) (attached as Exhibit B).

4.     The risk of harm to Plaintiffs by supporters or members of the government of South Sudan is serious. Plaintiffs have already been the victims of deliberate attacks orchestrated by the government of South Sudan. In 2019, the United Nations peacekeeping mission ("UNMISS") documented at least 187 abductions between September 2018 and April 2019 alone. *See* Human Rights Watch, *South Sudan Events of 2019*, https://www.hrw.org/world-report/2020/country-chapters/south-sudan#.   Moreover, South Sudan has specifically targeted those engaging in freedom of expression, including journalists and human rights activists. *See, e.g.*, Human Rights Watch, *South Sudan: Investigate Apparent 2017 Killing of Activists*, https://www.hrw.org/news/2019/04/30/south-sudan-investigate-apparent-2017-killing-activists# (April 30, 2019) (reporting on the kidnapping of a South Sudanese lawyer and human rights activist and a member of the South Sudanese political opposition from the streets of Nairobi, Kenya). Indeed, the cross-border harassment, intimidation, and attacks against critics of the government of South Sudan has been well documented.   *See*   Human   Rights   Watch,   *South   Sudan   Events   of   2019*, https://www.hrw.org/world-report/2020/country-chapters/south-sudan# (noting the expulsion

4

of a freelance journalist for the Associated Press from South Sudan in response to an article

she wrote and the arrest and deportation of French journalist Bastein Renouill on assignment

with France24); Human Rights Watch, *South Sudan: Authorities crackdown on critics in cross-

border campaign of intimidation*, https://www.amnesty.org/en/latest/news/2019/07/south-

sudan-authorities-crackdown-on-critics-in-cross-border-campaign-of-intimidation/ (July 18,

2019) (reporting on cross-border harassment to prevent peaceful protests and that senior

members of South Sudan's government "made thinly veiled death threats against organizers

and protestors").

     *5.*    Moreover, five of the seven Plaintiffs are survivors of brutal rape and other

forms of sexual assault—routinely recognized by courts as a highly sensitive and personal

subject warranting protection from public disclosure. *See, e.g.*, *Doe 1 v. George Washington

Univ.*, 369 F. Supp. 3d 49, 64 (D.D.C. 2019) (recognizing strong public interest in protecting

identifying information of sexual assault victims "so that other victims will not be deterred

from reporting such crimes"); *Cabrera*, 307 F.R.D. at 5 ("Because of the alleged sexual acts of

the defendant and the consequences of his purported actions, this case is one of a 'sensitive

and highly personal nature' for the plaintiff."); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013

WL 5634337, at *3, *4 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive

and personal matter").

6.      South Sudan's harassment of critics, aid workers, and human rights activists underscores that Plaintiffs have a compelling interest in keeping their residence address under seal. And as victims of sexual assault, Plaintiffs have a strong interest in preventing the release of certain identifying information in the public domain. Not only would disclosure of this private information render Plaintiffs vulnerable to possible retaliation by the government of South Sudan or supporters, but it would cause Plaintiffs severe psychological trauma, stress, and anxiety due to fear of stigmatization and harassment. *See Cabrera*, 307 F.R.D. at 6 (noting risk of trauma against disclosing plaintiff's identity). Under the first two factors, these interests warrant protection.

7.      As to the third factor, the complaint also includes allegations on behalf of Plaintiff Rebecca Chol Nygundeng's minor children—referenced in the complaint under their initials, as is required by Local Civil Rule 5.4(f) for privacy concerns. "Where an action is brought against a government entity . . . , or where it involves the privacy interests of minor children, courts are more likely to allow a plaintiff to proceed anonymously." *Yaman*, 786 F. Supp. 2d at 153; *see also Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (affirming district court's decision to permit plaintiffs to proceed anonymously, where case was "brought on behalf of very young children, to whom we grant heightened protection").

8.      These interests are all the more compelling under the fourth factor because Plaintiffs bring this action against a government entity. Courts are more inclined to allow a

plaintiff to proceed anonymously where an action is brought against a government entity. *See Yaman*, 786 F. Supp. 2d at 153.

9.      Finally, under the fifth factor, Defendant will not be prejudiced as Plaintiffs' will provide their attorneys' business address in lieu of Plaintiffs' residence address.

10.     Lastly, Plaintiffs Jane Doe and Mary Roe respectfully request to be permitted to proceed under pseudonyms. Federal Rule of Civil Procedure 10(a) requires that a complaint state all the names of the parties; however, it is within the discretion of the district court to grant anonymity. *See George Washington Univ.*, 369 F. Supp. 3d at 62. The Court applies the same balancing five-factor test identified above to permit the filing under seal of a party's address. *See id.*; *see also Cabrera*, 307 F.R.D. at 5. For the same reasons identified above to waive Local Rules 5.1(c)(1) and 11.1, Plaintiffs Jane Doe and Mary Roe should be permitted to proceed pseudonymously. *See e.g., George Washington Univ.*, 369 F. Supp. 3d at 64 (permitting plaintiff victims of sexual assault and those not victims of sexual assault to proceed pseudonymously); *Cabrera*, 307 F.R.D. at 10 (holding victim of brutal rape would be allowed to proceed pseudonymously in suit against alleged attacker); *see also Doe No. 2. v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."). Jane Doe's and Mary Roe's continued work in international humanitarian aid, involving communities around the world, including those where sexual violence is often

7

stigmatized, make them particularly susceptible to privacy invasions and reputational harm should their identities be made public.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Motion be granted and that the Court enter an order (i) waiving the requirements of Local Civil Rule 5.1(c)(1) and 11.1 such that Plaintiffs may substitute their residence address with the business address of their counsel, (ii) permitting Plaintiffs' residence address to be filed with the Court *ex parte* and under seal; and (iii) permitting Plaintiffs Jane Doe and Mary Roe to proceed pseudonymously.

Dated: July 8, 2021                                         */s/ Scott A. Gilmore*

                                                            Scott A. Gilmore
                                                            D.C. Bar 1002910
                                                            HAUSFELD LLP
                                                            888 16th Street, N.W.
                                                            Washington, DC 20006
                                                            202-540-7147
                                                            sgilmore@hausfeld.com

                                                            Jeanette Bayoumi
                                                            D.C. Bar 1021055
                                                            HAUSFELD LLP
                                                            33 Whitehall Street
                                                            14th Floor
                                                            New York, NY 10004
                                                            646-647-1281
                                                            jbayoumi@hausfeld.com

James Gotz (pro hac vice pending)
HAUSFELD LLP
One Marina Park Drive
Suite 14010
Boston, MA 02210
617-207-0600
jgotz@hausfeld.com